## NICHOLAS BERNHARD

### v.

## W. E. TRIMBLE, BY NEXT FRIEND, ETC.    °

*Landlord and Tenant—Cancellation of Lease—Action for Damage
Against Lessor—Evidence.*

A lessor having closed the leased premises against a tenant and forbid-
den their further use by him, a new agreement was made for the use of
the premises for a shorter specified time. The lessor again closed the
premises on the alleged ground that the lessee had not furnished security
as agreed. In an action brought by the lessee against the lessor to
recover damages for being deprived of the use of the leased premises,
*held*, that the lessor was entitled to show by parol that it was a condi-
tion to the reopening of the premises that the lessee should secure him

Bernhard v. Trimble.

against loss, and that a letter introduced in evidence from the lessee to his agent, although signed also by lessor, did not constitute the contract but was merely directory to the lessee's agent.

[Opinion filed May 20, 1892.]

Appeal from the Circuit Court of Bureau County; the Hon. Charles Blanchard, Judge, presiding.

Messrs. Fred T. Beers and Eckles & Kyle, for appellant.

Messrs. George S. Skinner and H. M. Trimble, for appellee.

Mr. Justice Harker. On the 8th of January, 1891, appellant, being the owner of a hall on the second floor of a building at Bureau Junction, leased it to appellee, to be used for a roller skating rink, for one month at a rental of $25, with the option to appellee of using the hall for that purpose three months for $60. Appellee paid $15 as advanced rent, opened the hall to the public on the afternoon of January 12th, and continued to operate the rink during afternoons and evenings until the 15th of that month. During the afternoon and evening of the first day appellee took personal supervision of the rink, but after that placed it in charge of an agent, one Dexter Haskell, and went to his home at Princeton. Appellant, whose place of business is underneath the hall, became very much annoyed with the noise and confusion made by the parties using the rink, and on the 15th forbade its further use and closed the doors against appellee's agent, Haskell. He went to Princeton to see appellee, and after some cavil the $15 before then paid was returned, and the lease surrendered for cancellation. It was agreed at the same time that the rink should be opened that (Thursday) night, and operated of nights until closing time the following Saturday. Such agreement was exacted by appellee before he would consent to cancel the lease. Thereupon the following letter was written by appellee to Haskell, and promptly delivered by appellant:

"Princeton, Ill., Jan. 15, 1891.

Mr. Deck Haskell, Bureau, Ill.

*Dear Sir:*—I have canceled the contract for the rink. It is to be closed. You may run it till Saturday night, closing time. Do not run in the afternoon for the balance of the time; I have the rink.

Yours resp'y,

W. E. Trimble.

(Signed)   Nicholas Bernhard.

Haskell again opened the rink that night, but on the following day was locked out by appellant, and the further use of the hall was refused. This suit was commenced by appellee to recover damages sustained by him in being deprived of the use of the hall for the two evenings of Friday and Saturday, January 16th and 17th. On appeal from a justice of the peace, where the case was commenced, there was a trial by a jury in the Circuit Court, resulting in a verdict and judgment for appellee. There was a dispute between the parties as to the terms of the agreement for the use of the hall for the three remaining nights after the lease was canceled. Appellant contended and offered to show by his own evidence, that he only consented to its use on condition that appellee should give him security against loss. The court sustained an objection and would not allow appellant to testify as to what the terms of the second contract were, but treated the letter written by appellee to Haskell, as a written contract. In this the court erred. The letter was not and did not purport to be a contract. It was simply a direction to Haskell, by which his conduct in the use of the hall was to be governed. The only effect of appellant signing it was to show that he sanctioned the direction.

Inasmuch as appellant justified his conduct in closing the hall on Friday, and refused to allow its further use because of appellee's failure to furnish the security, the proposed testimony was very material. If, as a matter of fact, appellee had agreed to furnish the security, he was in no situation to maintain this suit.

Where one party fails and refuses to comply with the terms of a contract, the other party may rescind and refuse performance on his part.

We perceive no other error in the record. For the one indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*